MORGAN et al. v. JOHNSON et al., surviving partners.

1. In an action against surviving partners brought by the beneficiaries of a trust fund, the trustee is *prima facie* incompetent as a witness for the plaintiffs to affect the partnership with notice of the trust, by means of a transaction or communication between himself and a member of the partnership now deceased, the evidence act of 1889 declaring that "where a person not a party, but a person interested in the result of the suit, is offered as a witness, he shall not be competent to testify if, as a party to the cause, he would for any cause be incompetent."

2. There was no error in granting a nonsuit.

July 13, 1891. Argued at the last term.

Witness. Evidence. Partnership. Trusts. Nonsuit. Before Judge FORT. Sumter superior court. May term, 1890.

Reported in the decision.

HINTON & CUTTS, for plaintiffs.

B. P. HOLLIS, E. A. HAWKINS and HARRISON & PEEPLES, for defendants.

BLECKLEY, Chief Justice.

1. The suit was by the children of Morgan against the surviving partners of the firm of Harrold, Johnson & Co. and others. It involved the tracing of a trust fund which Morgan had held as trustee for the plaintiffs, and which he had wasted. A portion of this fund had been invested by him in certain realty which was paid for in part with his own money, and in part with the trust money. He took the title to this property in his own name, with no declaration or disclosure of any trust upon the face of the conveyance  He afterwards sold and conveyed it as his own to Harrold, Johnson & Co., and they paid him for it. The plaintiffs sought by this action to assert their rights as beneficiaries of the trust, and to charge Harrold, Johnson & Co. with their equitable interest in the realty thus acquired by the firm from their trustee. To affect the firm with notice of the trust they offered at the trial to prove by their father, the trustee, conversations which he had with Thomas Harrold (a member of the firm since deceased), in which he informed him, Harrold, that some of the trust money was invested in this land. These conversations were prior to and at the time of the execution of his deed to the firm. There was no suggestion that any other member of the firm was present at or privy to the conversations, or any of them. The court ruled the witness incompetent to give the evidence offered, because Thomas Harrold was dead.

The witness act of 1889, in clause (b) declares that " where any suit is instituted or defended by partners, persons jointly liable, or interested, the opposite party

shall not be admitted to testify in his own favor as to transactions or communications solely with an insane or deceased partner, or person jointly liable or interested, and not also with a survivor thereof." Under this provision, if one or all of the plaintiffs had been present at the alleged conversations with Harrold, and had heard notice of the trust communicated to him, they would have been incompetent to so testify at the trial, Harrold being then dead. Thus the plaintiffs themselves were not competent witnesses to prove what they sought to prove by their trustee. In clause (d) the act declares that "where a person not a party, but a person interested in the result of the suit, is offered as a witness, he shall not be competent to testify if, as a party to the cause, he would for any cause be incompetent." The trustee was not a party to this suit. If he had been a party, that is, if he had brought the suit as trustee to recover the trust fund, or trust property, which he had parted with to Harrold, Johnson & Co., he would have been incompetent to testify in the cause in his own favor as to his conversations with Harrold, for the reason that Harrold is dead. Thus he certainly has two of the three marks of an incompetent witness which are specified in clause (d), the clause last above quoted. Has he the third and most important mark,—was he interested in the result of the suit?

"The predicaments in which a witness may be incompetent in respect of the *result* admit of three varieties : 1st. Where actual gain or loss would result simply and immediately from the verdict and judgment. 2dly. Where the witness is so situated that a legal right or liability would immediately result from the verdict and judgment. 3dly. Where the witness would be liable over to the party calling him in respect to some breach of contract or duty on the part of the witness involved in the issue." 1 Stark. Ev. 7 Am. ed. from 3d London

ed (1842), pp. 106, 107. "It seems that in general where a witness is *prima facie* liable to the plaintiff in respect of the cause for which he sues, he is not a competent witness for the plaintiff to prove the defendant's liability. For his evidence tends to produce payment or satisfaction to the plaintiff at another's expense; and the proceeding and recovering against another would afford strong if not conclusive evidence against the plaintiff in an action against the witness." 1 Stark. Ev. *supra*, 112.

There can be no doubt that a trustee who has wasted the fund is liable to answer for it to the beneficiary of the trust; and it is manifest that if the beneficiary follows the fund and recovers it from a third person to whom the trustee has parted with it, the liability of the trustee to his *cestui que trust* is thereby discharged. The trustee is consequently as much interested in aiding the beneficiary in maintaining a suit to recover the fund from a third person as he would be were the suit his own. Nothing, therefore, can be more clear than that Morgan, the trustee, was interested in the result of this suit; and *prima facie* his whole interest was on the side of the plaintiffs, the party calling him to testify. What effect the warranty of title in his deed as an individual to Harrold, Johnson & Co. may have had in balancing his interest is not now for consideration; for that warranty, so far as appears, was not before the court or brought to its attention when the competency of the witness was under adjudication. According to the order of statement in the bill of exceptions, the deed was not put in evidence until after the decision on the competency of the witness was pronounced; and it is nowhere intimated that the witness or the rejected testimony was again offered after the deed was introduced. Ignoring the warranty as a factor in the question, we hold simply that, on the facts presented, the

v 87-25

court did not err in ruling the witness incompetent and excluding his testimony.

2. Nor was it error to order a *nonsuit*. There being no evidence of any notice to Harrold, Johnson & Co., the purchasers from Morgan, that a trust fund or estate was in any way involved in their purchase or the subject-matter of it, they stand on the footing of *bona fide* purchasers for value, and are protected. And they being protected, there was no basis for a recovery against the survivors of that firm or any of the defendants in the action.                    *Judgment affirmed*