JACKSON, administratrix, *v.* BUICE.

1. Where a suit is brought by one to recover upon a quantum meruit for services rendered by him to another, and the petition alleges that the services were rendered upon the faith of the promise of such other person to pay therefor, in order to sustain such allegation it is not necessary to prove that there was an express promise, but it will be sufficient to show an implied promise.
2. There was no error in the charges complained of, requiring a new trial.
3. There were no errors upon the trial requiring a new trial, and the verdict was authorized by the evidence.

Argued June 18, 1908.—Decided February 17, 1909.

Complaint. Before Judge Gober. Forsyth superior court. October 19, 1907.

*Brooke & Henderson,* for plaintiff in error.

*H. L. Patterson,* contra.

HOLDEN, J. 1. This is an action brought by the defendant in error to recover from the estate of his deceased father-in-law compensation for services rendered to the latter during his lifetime. The plaintiff in the court below obtained a verdict and judgment for $200, and to the order of the court denying a new trial the defendant excepts.

Paragraph 6 of the petition alleges: "That, at the special

instance and request of the said Tolbert Strickland, and his oft-repeated promises to amply compensate and pay your petitioner for the same, petitioner rendered all necessary services to the said Tolbert Strickland, during said four years next preceding his death, and during each and every spell of sickness which he had waited upon him, nursed him, cared for him, and attended to all of his wants both night and day, rendering him the most disagreeable, filthy, and menial service, all of which was absolutely necessary for the comfort and well-being of the said Tolbert Strickland and required the constant presence and attention of. your petitioner, and was of the value of $125.00 per year." And paragraph 7 alleges: "That services were rendered to the said Tolbert Strickland by your petitioner in pursuance of the promise of the said Tolbert Strickland that your petitioner should have pay for the same, and with the intention on the part of your petitioner to charge for the same, and with the expectation that he would be paid for the same, and were accepted by the said Tolbert with full knowledge of the fact that petitioner was charging him for such service and intended to claim compensation for the same, and expected to be compensated for the same by him, the said Tolbert Strickland, and upon the faith of the promises of him, the said Tolbert Strickland, that he should be well and fully paid for all services rendered by him to the said Tolbert Strickland."

Upon the trial there was no evidence of any express contract, or of any express promise on the part of the deceased to pay for the services rendered; and the assignments of error made as to the admission of certain testimony, and the delivering of certain charges by the court, raise for decision the question as to whether or not the plaintiff can recover upon proof of sufficient facts and circumstances from which the jury could infer an implied contract on the part of the deceased with the plaintiff in the court below to pay him the value of the services which he rendered. The petition alleges that the plaintiff rendered the services with the intention on his part to charge for the same; with the expectation that he would be paid for them; and that they were accepted by the deceased with full knowledge of these facts. The petition further alleges that the services were rendered upon the faith of the promises of the deceased that the plaintiff would

be paid for such services. Where one sues another for the value of services rendered, or property transferred to the latter, which he accepted, and there is an allegation that the party receiving the services or property promises to pay for the same, it would not be necessary ordinarily to prove an express promise. Generally, where one receives services, or valuable property, from another, the law implies a promise to pay therefor. To meet an allegation that a party receiving valuable property or services from another promised to pay the latter for them, it is sufficient, in order to authorize a recovery, to show either an express promise or an implied promise; and ordinarily, in order to prove the latter, it would only be necessary to show that one rendered services, or transferred valuable property, to another, and that the latter accepted the same, which raises a presumption of a promise to pay therefor. This presumption, however, does not usually arise in the case of very near relatives. The rule is stated in the case of *Hudson* v. *Hudson,* 90 *Ga.* 581 (16 S. E. 349), as follows: "Ordinarily, where one renders in behalf of another valuable services which are accepted by the latter, the law raises in favor of the former an implied promise to pay for the same, although no formal or express contract to pay has been made. Where, however, the parties sustain towards each other the relation of parent and child, and the services performed are in the nature of care and attention bestowed by a son upon an old and infirm father, no such presumption arises by operation of law. In order, therefore, to sustain a recovery by the son for such services, it must affirmatively appear, either that they were rendered under an express contract that the son was to be paid for them, or the surrounding circumstances must plainly indicate that it was the intention of both parties that compensation should be made, and negative the idea that the services were performed merely because of that natural sense of duty, love and affection arising out of this relation." Where services of the kind referred to are rendered, and the surrounding circumstances show that it was the intention of both parties that compensation should be made, and negative the idea that the services were performed merely because of the natural sense of duty, love and affection arising out of the relations existing between the parties, a promise on the part of the party receiving the services to pay for the same would be

implied. Such implied promise, when proved, would be within the meaning of the promise referred to in the petition, and it would not be necessary to prove an express promise. The petition does not clearly set forth both grounds of recovery stated in the language above quoted from the *Hudson* case, but there was no demurrer to the petition. A party can bring an action to recover upon a quantum meruit for services, and allege a promise by the person receiving them to pay for the same, and recover upon proof of an express or an implied promise. 23 A. & E. Enc. Law, 534. One object of pleading is to make the adverse party acquainted with the contentions which are asserted against him. In the present case a promise is alleged, which could be proved by showing either an express or an implied promise. No other feature of a special contract is definitely set forth in the petition, except an express promise of which the allegations are susceptible. It is not claimed that there was any agreement that the services were to be rendered for any specific length of time, or that any definite amount was fixed upon as compensation to be paid therefor. Whether the suit be construed as based upon an express or an implied contract, the proof necessary to sustain the allegations of the petition as to the amount of the services rendered and their value is the same. The fact that a plaintiff alleges a promise, and the proof establishes an implied promise only, does not constitute a variance. It was said by the Appellate Court of Indiana, in the case of Foester v. Foester, 10 Ind. App. 680 (38 N. E. 426, 428): "After an implied promise is once established by the evidence, it then becomes in legal fiction the express promise of the defendant, and should be so declared on. . . The rule is that the pleader may declare an express non-special contract, and recover upon proof of an implied promise. But he can not declare on a special contract, and recover upon proof of an implied promise, nor vice versa." We are of the opinion that the contention of the defendant that the plaintiff is not entitled to recover, because of the failure to prove an express promise, is not well founded.

2. Complaint is made that the court committed error in charging the jury as follows: "So I charge you that would be the rule. When you come to consider their relation, it would either be an express contract between them in reference to this—the

plaintiff does not insist upon that, but he insists that the under-standing between them was that Buice expected pay for it, and Mr. Strickland expected to pay him for it—that the services were rendered in that way. If you so believe from the evidence, he would be entitled to recover whatever reasonable compensation you think he is entitled to; and if they were not so rendered, the defendant would not be liable under the rule, and your verdict would be for the defendant." Complaint is also made that the court erred in delivering to the jury the following charge: "On the other hand, as I have said, if he was there and performed these services with the expectation of getting pay for them, and Mr. Strickland expected to pay for them, and they were valuable services, and they have shown you the amount of their reasonable value, in that case it would be your duty to find for the plaintiff whatever sum you think he would be entitled to." Movant com-plains that there was error in each of these charges, for the reason that the true rule of law for such cases is not presented in either of them. Immediately preceding the excerpt from the charge first above quoted, the court charged the jury as follows: "I charge you that a son-in-law and a son would stand upon the same footing in law—I mean in relation to—in other words, the son-in-law here would occupy the same relation to Mr. Strick-land as if he was his son, so far as relationship is concerned. In other words, the rule I give you here in reference to his son would apply: In order to authorize a recovery by a son against the estate of his deceased father for services in the nature of care and attention to the latter while old and infirm, it must affirm-atively appear either that the services were rendered under an express contract that the son was to be paid for them, or the surrounding circumstances must plainly indicate that it was the intention of both parties that compensation should be made, and negative the idea that the services were performed merely because of that natural sense of duty, love and affection which arose out of the relation existing between them." The charges complained of do not clearly set forth the true rule of law; but we do not think the jury were misled by the charges complained of, in view of the other charge of the court above quoted and other portions of the charge. In view of the ruling in the first division of this opinion, the charges complained of were not

subject to the complaint made by the movant that it was necessary for the plaintiff to prove an express promise on the part of the deceased to pay for the services rendered. In view of the whole charge, we do not think the charges complained of were subject to the complaint that "it was calculated to impress the jury with the idea that the court desired to stress this particular idea or contention of plaintiff."

3. The plaintiff in error objected to the introduction of evidence to prove the value of services rendered by the defendant in error, on the ground that a contract must first be proved. The ruling made in a previous division of this opinion shows that it was not necessary to prove an express promise by the deceased, to entitle the plaintiff to recover. The proper order in which to make proof was to prove liability for the service and then prove value of the service; but no error requiring a new trial was committed in permitting proof of value of services before proof of prima facie liability. The movant also complains that the court committed error in allowing, over his objection, evidence of a witness for the plaintiff, as follows: "I heard him frequently say that there would be enough of his property to pay him (Sam Buice) for his services. I have heard him say so in the presence of S. J. Buice, because I have heard him say so. I have heard him say so a number of times. I don't remember the exact times." This testimony was admissible for the purpose of illustrating the question as to whether or not it was the intention of the deceased at the time the services were rendered to pay the plaintiff for the same.

Another ground of the motion for a new trial is: "Plaintiff himself being on the stand as a witness, and offering to testify as to transactions between himself and the deceased, movant's counsel objected, and for cause of objection said, 'I object to any evidence here by the plaintiff himself in reference to any services he rendered the deceased during his lifetime, on the ground it is a transaction between him and the deceased.'" The plaintiff testified in the case at length, and part of his testimony did not relate to transactions or communications between him and the deceased and was relevant to a material issue in the case; and as the assignment of error does not set forth what testimony was objected to, under the repeated rulings of this court

it can not be considered. *Sims* v. *Sims,* 131 *Ga.* 262 (62 S. E. 192), and authorities there cited.

The evidence was sufficient to authorize the jury to find the verdict complained of, and the judgment of the trial judge overruling the motion for a new trial is

　　　　　　　　　　*Affirmed. All the Justices concur.*