## HALL *v.* HILLEY *et al.*

LUMPKIN, J.    1. There was no error in refusing to grant a nonsuit or to direct a verdict for the defendant.

2. If an owner of land lived in the house upon it together with a man and his wife and child, under an agreement with the wife that if she would board him and do his washing for the remainder of his life the property should belong to her for life, with remainder to her child, presumptively the possession would be that of the owner of the legal title; and if there were no other evidence to rebut such presumption or to show notice of any right or equity on the part of the woman and her child, the rule that possession of land is notice of whatever right or title the occupant has would not apply unqualifiedly; and if a third party purchased the land from the owner bona fide for value, and without notice, he would acquire a good title.

3. There was other evidence, as well as the fact that the plaintiff, her husband, and their child lived on the land, tending to show that the agent of the grantee from the holder of the legal title knew of the equitable right or interest of the woman and child, such as the age and feebleness of the grantor, the extent of the control exercised respectively by him and by the plaintiff and her husband, the making of substantial improvements by the husband, largely increasing the value of the property, the fact that the husband and agent of the grantee, who claimed to be a purchaser without notice, was on the place several times, that just before the deed was executed he made some inquiry of the husband of the plaintiff as to the number of rooms in the house, and was informed that the latter had erected a barn, dug a cistern, and built a front porch to the house; also tending to show that the grantor had left the place about the time of making the deed, that neither he nor the husband of the grantee (who acted for her) indicated any intention on the grantor's part to convey the property, or on the part of the grantee to obtain a conveyance, that when asked by the husband of the plaintiff shortly after the deed was made if it were true, as he had heard, that such a deed had been executed, both the grantor and the husband of the grantee evaded giving information on the subject, and that the consideration alleged to have been paid for the land was less than its value. *Held,* that there was sufficient evidence to warrant the submission to the jury of the question whether, under all of the circumstances, the grantee's agent had notice of the interest or right claimed by the plaintiff on behalf of herself and child, or had knowledge of facts sufficient to put him on inquiry and charge him with notice.

5. Where there was no conflict in the evidence as to the fact that the grantee paid a consideration for the deed made to him, that question should not have been submitted as a distinct issue, and the jury should not have been instructed that if no valuable consideration for the property was paid, then the issue could not go in favor of the grantee. But payment of a consideration would not cause the grantee to take free from an equitable interest in or right to the land, of which he had notice.

6. The maker of the deed being dead at the time when the action was brought, and never having been served while living, or a legal representative having been made a party after his death, no specific performance could be granted as against him; but the presiding judge having charged according to this ruling, there being no plea of non-joinder, and the case having been tried with respect to the rights of the grantee and those of the claimants of the equitable interest, it furnished no good ground for a motion for a new trial that the grantor or his legal representative was not a party.

7. There was no other error which would require the grant of a new trial; nor do any of the other rulings require a more detailed consideration.

*Judgment reversed. All the Justices concur.*

FEBRUARY 19, 1910.

Equitable petition.    Before Judge Edwards.    Polk superior court.    December 28, 1908.

*Fielder & Fielder* and *Trawick & Ault,* for plaintiff in error.
*Mundy & Mundy* and *John K. Davis,* contra.