### BELCHER, executor, *v.* CRAINE.

FISH, C. J.  1. Where on the trial of an action brought by a married woman against an executor,. for the recovery of the value of her services rendered to his testator, the judge instructed the jury to the effect that a husband generally is entitled to the earnings of his wife, but he may by an express or an implied agreement waive his right to them and consent that they may be paid to and obtained by her as her separate estate, and where the judge subsequently in his charge correctly made a concrete application of the law as above stated to the controlling issue in the case, it was not cause for a new trial that, prior to such concrete application of the rule, he used language from which it might be inferred that the plaintiff would be entitled to recover for her services if her husband merely consented for her to enter into a contract with such testator to perform them.

2. The court did not err in giving to the jury the following instruction: "If you believe that the contract was made between the plaintiff and [the testator] that she was to go to his home and care for him and wait on him, and if you believe that the cooking of his meals and the serving of the same was part of her duty under the contract—if it was contemplated by both parties that [such] was to be a part of the taking care of him and waiting on him, then she would be entitled to recover for that, and that would be taken into consideration in fixing the worth of her services, if you find she is entitled to recover." Under the hypothesis stated by the judge, the cooking and serving of the meals by the plaintiff could not fairly be considered as the mere boarding of the testator by the plaintiff.

3. The court also charged that the defendant "pleads that he does not owe the plaintiff anything, for the reason that she has been paid. I charge you, . . if you believe that the contract was made and services rendered, then the burden would be on the defendant to prove payment." This entire extract was excepted to on the ground that it "in effect instructed the jury that the defendant admitted the contract and filed a plea .of payment," whereas there was no such plea, "but simply a plea setting up that plaintiff had been paid' more money than any services she rendered were worth, if she could recover on quantum meruit." Such exception was without merit.

4. The court did not err in instructing the jury to the effect that if they should find that plaintiff was entitled to recover at all, she could not recover for anything she may have furnished for "the support of the family," if she, her husband, and their children lived in the house with the testator, nor would she be chargeable in such circumstances for anything consumed by herself, her husband, and children, as it was his duty to support them; nor would she be chargeable with anything that she may have received as a gift from defendant's testator, but would be chargeable with whatever he may have paid her for her services in taking care of and waiting on him.

5. The court did not err in permitting the husband of the plaintiff, over the defendant's objections, to testify as follows: "He [defendant's testator] came up after her [the plaintiff] a number of times and wanted her to move back in the house with him to help take care of him and

wait on him, that he was feeble and could not take care of himself. He wanted her to move back over there and wait on him. I did not want her to go, but finally I consented for her to go. ·I moved back with her and helped her to look after her grandfather." The objections urged against this testimony were, that the witness "was the husband and entitled to the wife's services and was her agent, and would be interested in anything she might get for her services;. . . that it was a transaction between him and her that would disqualify him, on the ground that [defendant's testator] is dead, and he could not testify in this case as to any transaction of communication with [the testator] and his wife and himself, and . . that he appeared to be acting as her agent."

6. Nor was it error for the court to refuse to permit the plaintiff's husband to testify, on cross-examination, over the objection of her counsel, that the witness got $100 from a named bank during the time plaintiff was at the house of defendant's testator, on a note signed by witness and the testator, and that this money was used for the benefit of the family of the witness.

7. It was not error for the court to refuse to permit the defendant to testify that plaintiff's husband "made no crop and that he did not support his family, and that [defendant's testator] had the family to support."

8. The court properly declined to permit a witness for defendant to testify that defendant's testator told the witness, not in the plaintiff's presence, "that he did not owe plaintiff anything, and this was after she came back the last time and was living with him, and that she did not wait on him, and that he declared that he owed the plaintiff nothing."

9. The second item of the will of defendant's testator was as follows: "I desire my executor to pay my granddaughter, Lula Craine [the plaintiff], for her services for staying and waiting on me as long as I live, whatever she charges in the bounds of reason." There was sufficient evidence to authorize the verdict in favor of the plaintiff, and the court did not err .in refusing to grant a new trial.

*Judgment affirmed. Beck, J., absent. The other Justices concur.*

AUGUST 13, 1910.

Complaint. Before Judge Reagan. Fayette superior court. June 22, 1909.

*J. W. Wise* and *J. F. Golightly,* for plaintiff in error.

*W. C. Cousins, J. W. & J. D. Humphries,* and *A. O. Blalock,* contra.