## HALL *v.* HILLEY.

FISH, C. J. Under the pleadings and evidence in this case the respective rights of Mrs. Hilley herself, and as next friend of her minor child, and the rights of Mrs. Hall, in respect to a certain house and lot, were tried and determined. See *Hall* v. *Hilley*, 134 *Ga.* 77 (6), 78 (67 S. E. 428). Mrs. Hilley claimed, in behalf of herself and her minor child, that she entered into a parol contract with one Shindlebower, the owner of the property in controversy, whereby he. agreed with her that if she would board him and care for him as a member of her family for the remainder of his life, the property in question should belong to her for life, with remainder to her minor child; that she faithfully performed her part of the agreement for about seven years, and was ready, willing, and able to do so as long as Shindlebower lived; that he left the house and her family without cause on her part, and, on the day before leaving, secretly conveyed the property by warranty deed to Mrs. Hall, immediately left the State, and soon thereafter died, no representation ever having been had upon his estate; and that Mrs. Hall, at the time the deed was made to her, had notice of the interest or right claimed by the plaintiff in behalf of herself and child, or had knowledge of facts sufficient to put her on inquiry and charge her with notice. Mrs. Hall's contention was that she bought the property in good faith, for full value, and without any knowledge or notice of any claim that Mrs. Hilley had therein on behalf of herself and child. *Held:*

1. It is only where a. witness is altogether incompetent to testify, that objection must be taken before the witness is examined at all. If he is competent as to some matters and incompetent as to others, the objection may be taken at the time he offers to testify as to the matters concerning which he is incompetent. *Dowdy* v. *Watson*, 115 *Ga.* 42 (3), 44 (41 S. E. 266).

2. The court did not err in permitting Mrs. Hilley, the plaintiff, to testify, over objections made, as follows: "Captain Hall [the husband and agent of Mrs. Hall, the defendant] came to my house while Mr. Shindlebower was living, was there while Mr. Shindlebower was there on one occasion before Shindlebower left only a few days. With Captain Hall was his son, Dr. Hall. Heard no conversation between my husband and Captain Hall, or Mr. Shindlebower and Captain Hall, on that occasion in regard to the property, except Captain mentioned something about the cistern. Captain Hall inquired of me the dimensions of the house. I gave them to him—how many rooms there were, and the sizes of them. Nothing was said on that occasion by me and Mr. Hilley to Captain Hall with reference to the improvements, only what was said concerning the

back porch and the cistern. My husband spoke to Mr. Hall's son; said we had one of the best cisterns in Polk county, as well as I recollect; said he put a good substantial porch there. Mr. Hilley just ·spoke up in this way, says: 'I have built one of the best cisterns in Polk county, and I have built a porch.'" This testimony was objected to on the grounds: (*a*) That it occurred in the presence of W. M. Shindlebower. (*b*) That said testimony about improvements tended to set up the alleged title of the plaintiff and to affect adversely ˜the defendant's title, it appearing that W. M. Shindlebower was dead. Such conversa· tion was neither a "transaction" nor a "communication" between the plaintiff and the deceased, or between the deceased and any one else. *Ray* v. *Camp*, 110 *Ga*. 818 (2), 819 (36 S. E. 242); *Reid* v.· *Sewell*, 111 *Ga*. 880 (36 S. E. 937).

3. Nor did the court err in permitting the husband of the plaintiff to testify as to the terms of the contract made between his wife and Shindlebower, the husband testifying that he took no part in making such contract, but consented for his wife to make it. *Belcher* v. *Craine*, 135 *Ga*. 73 (5), 74 (68 S. E. 839). See also *Blount* v. *Beall*, 95 *Ga*. 182 (22 S. E. 52); *Morgan* v. *Johnson*, 87 *Ga*. 382 (13 S. E. 710). The objections urged to the testimony were: (*a*) "As the basis of the said contract was services of the wife and children while living with the husband, which services belonged to him, and his consent to such arrangement being necessary to the consummation of said contract, renders him an interested party to the contract to such an extent as to disqualify him as a witness after the death of Sindlebower." (*b*) "That the testimony showed that under the facts of this case said witness had such an interest in the result of this suit as to disqualify him as a witness under the evidence act of 1889."

4. It does not appear from the following quoted ground of the motion for new trial that the husband of the plaintiff, as her agent, was permitted to testify in her behalf as to any "communication or transaction" be- tween himself as such agent and the deceased, Shindlebower, the ground being that "The court erred in allowing said witness to testify, in sub- stance and effect, that he put on the premises in dispute the alleged ˙im- provements, to wit, a barn, cellar, and cistern, back porch and garden, it appearing, as movant contends, that the witness, as the husband and agent of his wife, placed said improvements thereon; and that by reason of his agency, and said testimony being material testimony in favor of the surviving party to the alleged contract, he was thereby rendered an incompetent witness on that subject, after the death of Shindlebower, the deceased party to said alleged contract." *Nugent* v. *Watkins*, 129 *Ga*. 382 (58 S. E. 888), and cases cited.

5. The instructions given to the jury, as to the effect of notice by Mrs. Hall, or her agent, of the equity claimed by Mrs. Hilley in the premises and as to the establishment by Mrs. Hilley of her alleged contract with Shindlebower, or a contract substantially the same as that alleged, and the other instruction complained of, were not subject to any of the ob- jections made thereto.

6. The verdict was authorized by the evidence, and the court did not err in refusing a new trial. *Judgment affirmed. All the Justices concur.*
NOVEMBER 14, 1912.

Equitable petition. Before Judge Edwards. Polk superior court. August 24, 1911.

*W. H. Trawick* and *Fielder & Fielder,* for plaintiff in error.

*John K. Davis* and *W. W. Mundy,* contra.