## KITCHENS *v.* POOL, executrix.

1. Where a suit was upon a quantum meruit for board, and for care and attention, it was erroneous to permit a witness, over objection, to testify that he, as ordinary, would not have approved a bill in a named amount for such board and services.

2. It was also erroneous in such a case to permit a witness, over objection, to testify that, as executrix, she had paid to the wife of the plaintiff a legacy in a named amount.

3. It was error for the trial court in this case to charge the jury, in substance, that before the plaintiff could recover it must be shown, not only that the services were rendered with an expectation that the same were to be paid for by the deceased, but that such expectation was made known to her.

4. It was not error for the trial court to charge that if "in this case Mr. Kitchens rendered to Mrs. Pate in her lifetime the services that he now sues for," etc., he would be entitled to recover. This was not a charge of which the plaintiff could complain.

5. Ordinarily, in a suit instituted or defended by a husband for or against a deceased person, it is competent for the wife to testify in regard to transactions between the husband and the deceased. Mere personal interest, such as that entertained by a near relative, does not disqualify a witness. But, if it should appear from the evidence that the wife has a legal or pecuniary interest in the result of the suit, or that she is acting as agent of her husband, she would be an incompetent witness.

DECEMBER 12, 1916.

Complaint. Before Judge Walker. Warren superior court. October 11, 1915.

W. F. Kitchens brought suit against Mrs. Fannie Pool, executrix of the estate of Mrs. M. C. Pate, upon a quantum meruit for board and for care and attention rendered to the deceased. The defendant admitted that Mrs. Pate, the deceased, lived at the home of the plaintiff, but denied that she boarded with him, or that she was indebted to him in any amount whatever. . The evidence showed that the deceased was an aunt by marriage of the wife of the plaintiff. There was also evidence that the deceased had rented a room at the home of the plaintiff, and had paid therefor. The jury found for the defendant. The plaintiff moved for a new trial, which was refused, and he excepted.

*E. T. Shurley,* for plaintiff.   *M. L. Felts,* for defendant.

GILBERT, J.   (After stating the foregoing facts.)   The case as presented by the record discloses two theories only, one presented by the plaintiff, and one by the defendant. The theory of the plaintiff's case was a suit upon a quantum meruit alone, in which

there was no reference to an express contract. The theory presented by the defendant was that there was an express contract between the plaintiff and the deceased for the rent of a room, and that it was understood between the parties that such services and attention as the deceased received from the plaintiff and his family were given upon the distinct understanding that they were not to be paid for by the deceased. There was no middle ground. The jury necessarily were compelled to accept the one or the other theory. Inasmuch as the plaintiff did not undertake to recover anything on an express contract for rent of the room, it also necessarily follows that if the plaintiff prevailed the recovery must be based upon an implied contract for the value of the services alleged by the plaintiff upon a quantum meruit.

1, 2. It is complained that the court erred in allowing a witness for the defendant to testify, over objection of counsel for the plaintiff, as follows: "As ordinary of Warren county I would not have approved a bill of three hundred dollars in this case; neither would I have approved a bill of one hundred dollars in this case." This testimony was irrelevant, and it was error, over objection, to admit it. It was also error for the trial court, over timely objection, to permit a witness for the defendant to testify that "as executrix of this will I have paid to Mrs. Bernice Kitchens [wife of the plaintiff] one hundred dollars, which was her legacy under the will."·

3. Generally, where one receives services from another, the law implies a promise to pay therefor. In order to recover upon such an implied promise it would only be necessary to show that the services were rendered to the party sued, and that the latter accepted the same. *Jackson* v. *Buice,* 132 *Ga.* 51, 53 (63 S. E. 823). As stated in the case of *Hudson* v. *Hudson,* 90 *Ga.* 581 (16 S. E. 349), "Where, however, the parties sustain towards each other the relation of parent and child, and the services performed are in the nature of care and attention bestowed by a son upon an old and infirm father, no such presumption arises by operation of law." In order, therefore, to recover where a near relationship exists between the parties, it must affirmatively appear either that the services were rendered under an express contract that the same were to be paid for, or that the circumstances were such as to plainly indicate that it was the intention of both parties that compensation was to be

made, and also to negative the idea that the services were performed merely because of natural love and affection arising out of such relation. In the *Hudson* case the alleged contract was between father and son. In the present case, under the facts disclosed in the record, no relationship existed between the plaintiff and the deceased, the wife of the plaintiff being merely related by marriage to Mrs. Pate, the deceased. Marriage will relate the husband by affinity to the wife's blood relations, but not to her relations by affinity. The law can not be more expressively or impressively stated than by Chief Justice Bleckley in *Central Railroad Co.* v. *Roberts*, 91 *Ga.* 513, 517 (18 S. E. 315), which will bear repeating until it obtains the familiarity of a nursery rime.

> "The groom and bride each comes within
> The circle of the other's kin;
> But kin, and kin are still no more
> Related than they were before."

Accordingly, it was erroneous to give an instruction to the jury that before the plaintiff could recover it must be shown by a preponderance of the evidence, not only that the services were rendered with an expectation that the same were to be paid for by Mrs. Pate, but that such expectation was made known to her. This rule of law only applies between near relations.

4. The ruling stated in the fourth headnote requires no elaboration.

5. Ordinarily the wife is not an incompetent witness in a suit instituted or defended by her husband for or against another, deceased at the time of the trial, in regard to transactions and statements between the husband and the deceased. *Belcher* v. *Craine*, 135 *Ga.* 73 (68 S. E. 839); *Hall* v. *Hilley*, 139 *Ga.* 13 (76 S. E. 566). The statute, Civil Code (1910), § 5858, which provides that in suits instituted or defended by the personal representative of a deceased person the opposite party shall not be admitted to testify in his own favor against the deceased person, and which makes a person interested in the result of the suit also incompetent to testify in such a case, is to be strictly construed, and by express terms of the statute no other exceptions are allowed than those therein stated. Civil Code, § 5859. The interest referred to in § 5858 is a legal or pecuniary interest in the result of the suit.

Mere personal interest, such as that entertained by a near relative of the party, does not disqualify the witness. *Blount* v. *Beall,* 95 *Ga.* 182 (8), 188 (22 S. E. 52) ; *Dean* v. *Dean,* 13 *Ga. App.* 798 (80 S. E. 25). . If it should appear, however, from the evidence, that the wife is an interested party otherwise than as just stated, or that she is acting as agent of her husband, she would be an incompetent witness.   Whether evidence is admissible in cases like this is often attended with the greatest difficulty ; for while the rule of law in regard to admissibility is precisely fixed, its proper application is not so simple.   "No precise and uniform test of the relevancy of testimony is furnished by law.   The question must be determined in each case according to the facts of that particular case, and in accordance with the teachings of reason and judicial experience." *Alexander* v. *State,* 7 *Ga. App.* 88 (66 S. E. 274) ; *Lee* v. *State,* 8 *Ga. App.* 414 (69 S. E. 310).

The will of Mrs. Pate contained a bequest of one hundred dollars to the wife of the plaintiff.   But, inasmuch as this bequest was without condition or qualification, an instruction to the jury to the effect that they might consider the will as to the amount of the estate, and also as to whether any indebtedness to Mr. Kitchens existed as claimed, and the amount of the indebtedness, was inappropriate.          *Judgment reversed.   All the Justices concur.*