### 11069. MEADOR *et al.*, executors, *v.* PATTERSON.

JENKINS, P. J. Suit in quantum meruit was brought against the executors of the will of J. B. Meador, to recover the value of services alleged to have been rendered for a period of nine years to the testator, who during that time was very aged and infirm. The court limited the recovery to services rendered during the last four years preceding his death. The verdict was in favor of the plaintiff, a motion for a new trial, based on grounds indicated below, was overruled, and the defendants excepted. *Held*:

1. The verdict is not only supported, but is abundantly supported, by the evidence.

2. The court did not err in refusing a request to charge as follows: "In order to recover at all in this case, the plaintiff must establish to your satisfaction, by a preponderance of the evidence, that at the time these alleged services were rendered, if they were in fact rendered, there was an intention on the part of the plaintiff rendering such services to receive pay therefor, and an intention on the part of the person receiving such services to pay for them; and in determining this question you would be authorized to consider all the facts and circumstances surrounding the parties in the case at the time and the circumstances under which these services were rendered." As is contended by counsel for the plaintiffs in error, there is no difference between an express contract and an implied contract, except in the manner of setting it up; but the rule is, that, except in cases between near relatives, a promise to pay the reasonable worth of valuable services rendered will ordinarily be *implied* when their rendition by the one party and acceptance by the other party is shown. Civil Code (1910), § 5513. There being no such near relationship between the parties in this case, the rendition and acceptance of the valuable services was of itself sufficient to imply a promise of payment, without proof of such an express contract, or of any additional circumstances equivalent thereto. *Hudson* v. *Hudson*, 90 *Ga.* 581, 584 (16 S. E. 349; *Jackson* v. *Buice*, 132 *Ga.* 51, 54 (63 S. E. 823). The court having given in charge the principle of law embodied in the code section cited, it was not error to refuse the request. Under the principle of law here stated, grounds 11 and 12 of the motion for a new trial are without merit.

3. It is complained that the court nowhere gave to the jury any standard to measure the amount of the recovery in the event they believed the defendants to be liable. The charge of the court to the effect that the law would import a promise to pay the reasonable value of the services rendered and accepted furnishes a sufficient guide to the measure of the recovery under the evidence adduced, especially in the absence of a request for more specific instruction on this line.

4. The complaint that evidence was admitted showing the usual charges made by nurses in respect to such services as were performed by the plaintiff in this case does not afford a proper ground to set aside the verdict. While the value of such services cannot be established by what

has been paid in some given and particular instance, the ordinary and reasonable value of such services is precisely what the plaintiff is authorized to show. *Marshall* v. *Bahnsen*, 1 *Ga. App.* 485 (57 S. E. 1006).

5. That the decedent, in a conversation with a witness, praised the services rendered him by the plaintiff, and stated that he was going to "'take care'" of her, served to support the existence of the implied contract relied upon by the plaintiff. If under the law such a contract could not be implied, the evidence here objected to might not of itself be taken as sufficient to establish one. See *Lansdell* v. *Lansdell*, 144 *Ga.* 571 (87 S. E. 782). Grounds 9, 14, and 15 of the motion for a new trial are without merit. Ground 13 is not insisted on.

*Judgment affirmed. Stephens and Smith, JJ., concur.*

Complaint; from Newton superior court — Judge Hutcheson. October 25, 1919.

*King & Johnson,* for plaintiffs in error.

*A. D. Meador, R. L. Cox,* contra.