### 16187.   OCEAN STEAMSHIP COMPANY OF SAVANNAH *v*. BASSETT.

BROYLES, C. J.  The overruling of the demurrers to the petition as amended was not error. The petition as amended was not subject to any of the demurrers interposed and the court properly so held.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED APRIL 15, 1925.

Action for damages; from Chatham superior court—Judge Meldrim. December 2, 1924.

According to the allegations of the petition as amended, the plaintiff, a married woman, was a passenger on a steamship of the defendant, and when asleep in her cabin at night was aroused by loud voices in the corridor, and, without her permission and against her will, the door of her cabin was unlocked from outside, and an officer of the defendant, who was under the influence of liquor, forcibly entered her cabin, and another man under the influence of liquor stated that this officer would pass the night there. The officer remained in her cabin a short time, but, at her repeated requests and upon her threats to summon aid, he finally left the cabin. By reason of this forcible and unlawful entry and trespass she "suffered a profound nervous shock, and in consequence thereof and from fear of violence she passed a sleepless night." When asleep in her cabin the next afternoon she was again awakened by a disturbance in the corridor, and, by reason of her highly nervous state and under the influence of fear occasioned by the acts stated above, the plaintiff, in order to protect herself from further intrusion and possible violence, leaned from her upper berth to secure the cabin door, and in so doing was thrown and fell with her full weight to the floor and suffered injuries described. It is alleged that the defendant permitted intoxicating liquors to be consumed on the ship by various persons, including officers and employees, and in such quantities as to cause disorder and confusion, and that it was negligent in so doing, and in failing to maintain the discipline necessary for the safety and protection of the plaintiff and other passengers; that the defendant was negligent in permitting the said trespass and invasion of the privacy of her cabin and in failing to protect her therefrom, in placing on her the burden of extraordinary precaution in furtherance of her right of privacy and security; in permitting the said officer to have in his possession a key to her cabin; in permitting a fellow passenger to have in his possession such a key; and in permitting the further disturbance in the corridor, because of which the plaintiff fell and was injured as stated. It is alleged that for five years before the injury (during which the plaintiff was the wife of Walter L. Bassett, of St. Petersburg, Florida) she was actively engaged as a beauty specialist, and owned and conducted an establishment for

carrying on that business, in St. Petersburg, Florida, "upon her own sole and separate account;" that ever since the injury she has been and she will be permanently prevented from attending to her usual vocation, at which she was earning an income of $6,000 a year, and her earning capacity has been permanently impaired and lost. It is alleged that she has necessarily paid and has become liable to pay expenses for medical and surgical attendance and for nursing, medicines, hospital expenses and board therein $1,447.75 to "the present day," and that she will hereafter necessarily incur further expenses of a similar character; and that by reason of the premises she has been damaged in the sum of $100,000. The petition is in two counts, the second of which omits the allegations as to the injury by the fall from the berth.

The grounds of demurrer are sufficiently indicated in the opinion of the judge of the superior court, which is as follows:

"This is a case of a passenger suing a common carrier for damages arising out of the alleged negligence of the defendant. Bearing in mind that the carrier is bound to use extraordinary diligence, on behalf of himself and his agents, to protect the lives and persons of his passengers, and that negligence is peculiarly a question for the jury, I am constrained to overrule the demurrers, both general and special, that have been filed in this case; and they are hereby overruled.

"I do not deem it necessary to discuss severally the numerous grounds of demurrer, as certain of them are removed by amendment, and the others, except as hereinafter stated, do not require special consideration. But the 3d and 5th grounds of the original demurrer . . and the 10th ground of the amended demurrer . . will be considered. This 10th ground is the same in substance as the 4th and 8th grounds of the third amended demurrer. . . It is contended in the 3d ground that 'much confusion and disorder' existing at and around the ship did not constitute actionable negligence. They do not of themselves constitute actionable negligence, but, however lawful they might be, nevertheless a lawful act may be considered along with other acts as constituting negligence. *Mayor &c. of Milledgeville* v. *Holloway,* 32 *Ga. App.* 734 (124 S. E. 802), and cases cited. The plaintiff avers that alcoholic liquors were consumed by officers and employees of the defendant, that necessary discipline was not maintained, and that

confusion and disorder prevailed. The clear intendment of the pleader is that these were the conditions that surrounded and led up to the alleged invasion of her stateroom.

"The 5th ground deals with proximate cause. It is very difficult to determine, in many cases, which is the proximate cause that produced a certain effect. Generally the cause is the resultant of [different?] forces, and is usually a question for the jury, except where it is perfectly evident that the alleged cause was not the proximate cause, in which event the court can and should so decide. But I do not think that under the facts so pleaded I should decide, as a matter of law, that the injury did not result from the alleged negligent acts.

"The 10th ground of the amended demurrer deals with the right of the plaintiff, a married woman, to recover $1,477.75, expenses for medical and surgical attendance, nursing, medicines, hospital expenses and board therein, and further deals with the right to recover for the loss of her separate earnings. The petition avers that for five years prior to the injury she had been actively engaged in business, owning and conducting an establishment upon her own sole and separate account. As to the right of the wife to make a contract to pay her expenses I have no doubt, because, since the act of 1866, a married woman is a *feme sole* and can make any contract not prohibited by law. As to her recovery for her loss of earnings in her business I am not so clear. Assume that the husband has the legal right to the earnings of his wife, yet he can consent expressly or impliedly for her to have her own earnings. 124 *Ga.* 460; 112 *Ga.* 842. I am quite clear that a jury would be authorized to find that where a woman conducted a business for five years on her 'own sole and separate account,' the consent of the husband might be implied. At all events, I do not think that I should as a matter of law, on demurrer, hold that there has been no implied consent of the husband."

*H. Wiley Johnson,* for plaintiff in error.

*Karl M. Fleetwood, W. W. Gordon,* contra.