29370. LEAVELL *et al.*, executors, *v.* LEAVELL.

DECIDED JUNE 5, 1942.

*Charles Pigue,* for plaintiffs in error.   *J. V. Carmichael,* contra.

MACINTYRE, J.   The present case was a suit by Mrs. Ruby Leavell, the wife of J. G. Leavell, against the executors of A. J. Leavell, her deceased father-in-law.   It was brought to recover $1155 for services rendered by the plaintiff to A. J. Leavell during the last four years of his life, in waiting on, nursing, caring for, cooking, and washing for said deceased.   The verdict was for $600. The only exception is to the overruling of the motion for new trial based on the general grounds.   The only point argued by the plaintiffs in error in their brief is that the earnings of the wife, who was living with her husband, belonged to him, and before she could maintain a suit in her own name to recover such earnings the husband's consent must be given to her to maintain such suit for her own use, and that the evidence did not show that the husband had given such consent.   The husband, on direct examination, testified: "My father did say that he wanted my wife compensated for the services to him that we have mentioned.   He said that he wanted her to be paid for it; that she did more for him than any of the rest of them.   He said he wanted her taken care of out of the assets of his estate for her services.   He said he wanted *her paid for them.* He told us one night there, there had been two or three of them out there while he was sick, and after they left he called us to the bed and got to talking to us, and he told her that he wanted *her well paid for it,* and if the rest weren't willing to pay it *to put it against the estate* and she could get it that way.   During all of the time we were there my wife was good to take care of my father and was attentive to him, and tried to take care of him with whatever he wanted or needed."   (Italics ours.)   On his redirect examination he testified: "I gave my consent for my wife to do this work there.   She did it with my consent and approval.   And I consented for her to do it [that is, perform the services sued for] under the statement of my father that he would pay her [not me the husband, but her, the wife] for it.   That was in accordance with my permission."   (Brackets ours.)

We think that when the plaintiff's husband testified, "And I consented for her [my wife] to do it [perform the services sued for] under the statement of my father that he would pay her for it. That was in accordance with my permission," that from this the jury were authorized to find that the deceased had agreed to pay the witness's wife for the services rendered; that is, for taking care of the deceased for the last four years of his life, and in so doing, performing for him many services which are often attendant upon an old and infirm person and which might be termed peculiarly "womanly services." In other words, the jury could find that the deceased agreed that the witness's wife be paid for such services, and that the husband consented that his wife receive the pay for such services, and "that was in accordance with my [the husband's] permission." From this it might have been inferred, among other things, that it was in accordance with the husband's agreement with his deceased father and his wife that the wife, and not he, receive the pay for the services, and that the wife retain the money thus made as her separate estate.

The jury were further authorized to find from this testimony, in connection with the other testimony above quoted, that the husband not only consented for his wife to perform such services for his deceased father, for which services both the deceased and the wife expected and agreed that she was to be paid, but also that the husband, by an implied agreement, waived his right to these earnings of his wife for taking care of his father, and consented that they should be paid to and retained by the wife as her separate estate, and had impliedly agreed for her to bring the suit. *Belcher* v. *Crane,* 135 *Ga.* 73 (1, 9) (68 S. E. 839); *Gresham* v. *Stewart,* 31 *Ga. App.* 25 (119 S. E. 445); *Ocean Steamship Co.* v. *Bassett,* 33 *Ga. App.* 696 (127 S. E. 671). The evidence authorized the verdict and the court did not err in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*