35528. D. L. STOKES & CO., INC. *v.* McCOY.

DECIDED MAY 31, 1955—ADHERED TO ON REHEARING JULY 11, 1955.

*Grant, Wiggins, Grizzard & Smith, Robert W. Spears,* for plaintiff in error.

*Richard T. Nesbitt,* contra.

GARDNER, P. J. We agree with the trial judge that the petition did not, either before or after amendment, set out a cause of action. It is generally known that in the real estate business sometimes the seller is bound for the commission, and at other times the purchaser is bound, depending upon the contract between the seller and the broker.

In such a case as here the mere knowledge of the salesman that one was offering the property for sale would not imply that the owner was to receive less than the amount for which he offered his property for sale, and there is nothing in the record which would indicate such knowledge on the part of the plaintiff. There is no allegation in this petition as to whether the $23,000 was his net price or whether it included the services of a broker. We think that the broker in the instant case was a mere volunteer, so far as the allegations of the petition show, and to enforce payment of services from the seller in such a situation is not within the scope of the contemplation of the law but would impose unwarranted harm on the seller of the property. In the instant case it would have been an easy matter for the broker to have determined first from whom the compensation would come. Generally, such matters should be by an agreement with the seller, or the purchaser, or both, *preferably in writing.* If such suggestions here made were complied with by the real estate broker, we would have less litigation and less confusion. Another suggestion which occurs to us is that if the rules and regulations set up by the Georgia Real Estate Commission by authority of law conferred upon them, were strictly complied with by the brokers, we would not have such a case as is now before this court. It would be better for the real estate brokers and the public to strictly comply with all rules and regulations in the scope of the real estate operation.

The creation of the Georgia Real Estate Commission and the authority which the General Assembly of the State of Georgia has conferred upon it will be found in the acts of the General Assembly. Code sections relating thereto are quoted verbatim in the Manual for Georgia Real Estate Brokers and Salesmen.

Code § 84-1402 reads in part as follows: " 'Real Estate Broker and 'Real Estate Salesman' defined.—Whenever used in this chapter, 'real estate broker' means any person, firm, or corporation, who, for another and for a fee, commission or other valuable consideration, sells, exchanges, buys, rents or offers or attempts to negotiate a sale, exchange, purchase or rental of any estate or interest in real estate, or collects, or offers or attempts to collect rent for the use of real estate; also any person, firm or corporation advertising through signs, newspapers or otherwise, as operating or conducting a real estate office or real estate business. . .

" 'Real estate salesman' means a person employed by a licensed real estate broker to sell or offer for sale, to buy or offer to buy, to negotiate the purchase, sale or exchange of real estate, or to lease, rent, or offer to lease, rent or place for rent any real estate for or on behalf of such real estate broker; also any person, other than bookkeepers and stenographers, employed by any real estate broker, as that term is defined in this section. (Acts 1925, p. 326; 1927, p. 308; 1929, pp. 311, 318)."

Code § 84-1404 creates the Georgia Real Estate Commission and gives such commission power, among other things, to "Promulgate necessary rules and regulations to carry out the provisions of this Chapter."

Chapter 84 of the Code also sets forth qualifications of applicants and license to act as real estate brokers, or salesmen, indemnity bond required of brokers, and other details, which definitely protect the broker, the salesman, and the public from unethical practices, and by thus having protection not offered the masses, the broker reaps the benefits accorded the special class to which such broker belongs and, therefore, the broker should not desire to eat the cake and have it too. It nowhere appears from the allegations of the petition that the real estate broker in the instant case complied with the law applicable to sales of real estate in Fulton County. It is merely alleged that the real estate broker through its salesman was licensed to deal in real estate.

Counsel for the plaintiff cites decisions by the courts of this State on the issue allegedly involved, that is, recovering on quantum meruit. Those cases are: *Douglas* v. *Stephens*, 27 *Ga. App.* 485 (108 S. E. 833); *Jackson* v. *Buice*, 132 *Ga.* 51, 53 (63 S. E. 823); *Kitchens* v. *Pool*, 146 *Ga.* 229 (91 S. E. 81); *Meador* v.

*Patterson,* 25 *Ga. App.* 267 (103 S. E. 95). After calling our attention to these decisions counsel states: "However, these cases involve, not real estate brokers, but persons performing services of a different nature. But we know of no reason why real estate brokers should be placed in a class by themselves and the protection afforded by the principles of these cases denied them."

But there is quite a difference in the nature of the real estate broker's business and other businesses. At the instance of real estate brokers, they have by law pre-empted the real estate business in certain counties, including Fulton. As stated hereinabove, real estate law is incorporated in the Code, Chapter 84, and brokers and salesmen are further regulated and protected by the Georgia Real Estate Commission and the rules promulgated by authority of law.

Counsel for the plaintiff quotes the following excerpt from the Act of 1925 (Ga. L. 1925, pp. 325, 333): "This Act shall not be construed to relieve any person from civil liability or criminal prosecution under the *general laws* of this State." (Italics ours.) Counsel contend as to this provision in the said Act that the plaintiff is not bound by the law governing real estate brokers and salesmen regarding the transaction involved in the instant case. It seems quite clear to us that counsel has overlooked the repealing clause of the Act of 1925, supra (Ga. L. 1925, pp. 325, 337), which reads as follows: "Be it further enacted by the authority aforesaid, that all laws or parts of laws in conflict with this act are hereby repealed."

The excerpt from the act quoted by counsel as shown hereinabove, on which the plaintiff relies, deals with the general laws and is inconsistent and repugnant to the provisions of the Act of 1925, supra, and the amendment thereto. It cannot be contended that the law as set out by the General Assembly dealing with the specific subject of transactions in real estate did not supersede the *general law* when the general law, according to the contentions of plaintiff, literally wipes out the law dealing with brokers in the real estate business. In the first section of the acts of the General Assembly (Ga. L. 1925, pp. 325, 326), it is provided: "Licenses shall be granted only to persons who are trustworthy and bear a good reputation for honesty and fair dealing, and are competent to transact the business of a real estate broker, or real

estate salesman, in such a manner as to safeguard the interest of the public, and only after satisfactory proof thereof has been presented to the Georgia Real Estate Commission."

The court did not err in sustaining the demurrer and dismissing the petition as amended.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*