### 19100. D. L. STOKES & Co., INC. *v.* McCOY.

DUCKWORTH, Chief Justice. A writ of certiorari having been issued to the Court of Appeals in the case of *D. L. Stokes & Co. v. McCoy, 92 Ga. App.* 472 (88 S. E. 2d 802), it is now in this court for the correction of alleged errors assigned in the application therefor. The decision of the Court of Appeals, in substance, holds that the lower court did not err in sustaining a demurrer to a petition in assumpsit, because the compensation claimed is not within the contemplation of the law pertaining to real-estate brokers (Chapter 84-14 of the Code, as amended), the law contemplating an express agreement (Code § 84-1402) between the broker and the party served, and in according real-estate brokers special benefits thereunder it superseded the general law whereby (under Code § 3-107) when one renders services accepted by another, a promise is implied to pay the reasonable value thereof. The plaintiff in error assigns error on the holding of the court that the real-estate law, as amended, supersedes the general law and in holding that a recovery could not be had under an implied obligation on a quantum meruit basis. *Held:*

1. Chapter 84-14 of the Code, as amended, makes it unlawful for anyone other than licensed real-estate brokers and salesmen to act as such in certain counties of this State, and defines a real-estate broker as a person, firm, or corporation who, "for another and for a fee, commission or other valuable consideration," sells or offers to sell real estate.

2. Nothing in the above law, which regulates and licenses real-estate brokers and salesmen in certain counties of this State, prevents a suit for the recovery of the reasonable value of services rendered under an implied obligation to pay where said services have been rendered and accepted

by the beneficiary thereof, provided however, said services were not unlawful in that the broker was not licensed in accordance with the above law. See Code § 3-107; *Hudson* v. *Hudson,* 90 *Ga.* 581 (16 S. E. 349); *Jackson* v. *Buice,* 132 *Ga.* 51 (63 S. E. 823); *Kitchens* v. *Pool,* 146 *Ga.* 229 (91 S. E. 81); *Meador* v. *Patterson,* 25 *Ga. App.* 267 (103 S. E. 95); *Kraft* v. *Rowland & Rowland,* 33 *Ga. App.* 806 (5) (128 S. E. 812); *State Life Ins. Co.* v. *Whitehurst,* 67 *Ga. App.* 646 (21 S. E. 2d 474); *Hendrix* v. *Crosby,* 76 *Ga. App.* 191 (3) (45 S. E. 2d 448); *Erwin* v. *Wender,* 78 *Ga. App.* 94 (50 S. E. 2d 244). Hence, the Court of Appeals erred in holding that the compensation claimed, which was in assumpsit on a quantum meruit basis, is not within the contemplation of the law pertaining to real-estate brokers.

*Judgment reversed. All the Justices concur.*

ARGUED OCTOBER 11, 1955—DECIDED NOVEMBER 15, 1955.

*Robert W. Spears,* for plaintiff in error.
*Richard T. Nesbitt,* contra.