### 44474. DIXON v. ROLLINS et al.

JORDAN, Presiding Judge. This is an action in two counts to recover the amount of a fee allegedly earned as the result of a real estate transaction.

On February 19, 1964, the original owner, Rollins, promised in writing to pay Dixon, the plaintiff, $90,000 to "do all things necessary to consummate a sale of the Pamlico tract [located in North Carolina] at an acceptable price to a satisfactory buyer to whom the property has not previously been submitted. . ." After granting an option to a party not here involved, which expired, the defendant Rollins thereafter conveyed the real estate to a corporation which he owned, which is not named as a defendant, and on February 1, 1967, this corporation and the corporate holder of a renewed option, a defendant, conveyed the property to the corporate transferee of the option, also a defendant, without any recognition of the entitlement of the plaintiff to any fee for any services rendered, although recognizing the entitlement of others.

Two individuals, Webb and Peake, are shown to have an interest in the transaction. Under the plaintiff's version of events preceding the closing he was the first person to inform Webb

(which Webb admits) and Peake about the property, while the three were together on a European tour in 1965. He again contacted Webb in Georgia, and not later than the latter part of December, 1966, Webb learned that he might claim a commission. Webb advised him not to intervene before closing, and promised to inform Peake, but did nothing in this respect. Webb is a stockholder and president of the present owner, Pamlico, Inc., which was incorporated in December, 1966, to purchase the tract. In 1966 he also became executive vice president and manager of the North Carolina division for the other corporate defendant, Georgia Timberlands, Inc., of which Peake is president and principal stockholder. Peake is also chairman of the board and a stockholder in Pamlico, Inc.

The original owner, Rollins, admits the written promise to pay Dixon a fee, but his testimony is uncontroverted that he never knew of any further connection or participation by Dixon until Dixon claimed the promised fee after the sale was completed.

Dixon resides in this State and operated from a business address within the State, but is not and has never been a licensed real estate broker or salesman in any State, and obtained the promise from Rollins as a result of discussions with a Florida broker with whom Rollins had listed the property, who informed Rollins by telephone of the plaintiff's desire to assist in selling the property for a fee.

In Count 1 Dixon seeks to recover the amount of the fee based on an alleged conspiracy between the defendants to deprive him of the fee, and in Count 2 he seeks to recover the amount of the fee from Rollins individually. Dixon appeals from the grant of an adverse summary judgment. *Held*:

1. Since April 1, 1956, it has been "unlawful . . . to engage in the business or capacity, either directly or indirectly, of a real estate broker . . . within any county in this State, without first obtaining a license . . ." subject to certain exceptions not here applicable. *Code* § 84-1401 as amended; Ga. L. 1956, p. 404; Ga. L. 1965, pp. 629, 630. Under the law in effect in 1964 the term " 'real estate broker' means any person . . . who, for another and for a fee, commission or other valuable consideration, sells, exchanges, buys, rents or offers or attempts to negotiate a sale, exchange, purchase or rental of any estate or interest in real estate. . ." For-

mer *Code* § 84-1402. This was amended, effective May 1, 1965, to include specifically within the definition one who, for a consideration "solicits prospective purchasers of any estate or interest in real estate" or one who "[s]hall direct or assist in the procuring of prospects . . . and who shall receive, expect, or be promised any compensation or valuable consideration. . ." *Code* § 84-1402 as amended (Ga. L. 1965, pp. 629, 631). The right in Georgia to "enforce in any court" a claim "for commissions . . . or fees for any business done as real estate broker" is denied to any person who acts "without having previously obtained the license required. . ." *Code* § 84-1413. This would apply even if the claim were on a quantum meruit basis. *D. L. Stokes & Co. v. McCoy*, 212 Ga. 78 (2) (90 SE2d 404). The licensing requirements apply to a person who acts as an agent for another in a single real estate transaction. *Hazlehurst v. Southern Fruit Distributors*, 46 Ga. App. 453 (3) (167 SE 898). A contract listing property located in another State with a person doing business in Georgia is governed by Georgia law. *Tillman v. Gibson*, 44 Ga. App. 440, 443 (161 SE 630).

2. Even if parol evidence be admissible to explain the written offer dated February 19, 1964, as an offer to pay a "finder's" fee for locating the ultimate buyer, or to pay the plaintiff a fee if he were the procuring cause of the sale, we think the rendering of such services would constitute an offer or attempt to negotiate a sale under the law in effect in 1964, as well as the broader language of the 1965 amendment specifically covering solicitation. Unexplained, however, "to do all things necessary to consummate a sale" in its ordinary sense means that the promisee must do everything necessary to complete the sale. It is undisputed that the claimant is not and has never been licensed as a real estate broker, and that he bases his claim on performance on his part by his acts both within and without the State, while at all times he was a resident of this State and maintained a permanent business address within this State. Under the circumstances *Code* § 84-1413 applies to the claim, and it is not enforceable in any court of this State, irrespective of whether the plaintiff was the finder or procuring cause of the sale for which the owner promised a fee. It follows that his alternative claim that he

560

was deprived of the promised fee by reason of a conspiracy between the owner and others is also unenforceable.

3. The court did not err in granting summary judgment for the defendants.

*Judgment affirmed. Hall and Whitman, JJ., concur.*

ARGUED MAY 7, 1969—DECIDED OCTOBER 8, 1969—REHEARING DENIED OCTOBER 30, 1969—

*Carl K. Nelson, Jr., Sutherland, Asbill & Brennan, D. R. Cumming, Jr.,* for appellant.

*Kaler, Karesh & Rubin, Martin H. Rubin, Martin, Snow, Grant & Napier, George C. Grant,* for appellees.